# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JENNIFER RICE and
TROY BAKER,

    Plaintiffs,

v.                                    CIV 00-1669 WJ/DJS-ACE

THE CITY OF SANTA FE, in its official capacity,
and JOHN DENKO, in his individual capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER AFFIRMING
## MAGISTRATE RULING DATED 2/11/02

THIS MATTER comes before the Court pursuant to Plaintiffs' Objection to Magistrate Ruling Dated 2/11/02 [Docket No. 134]. Having reviewed the submissions of the parties, the Court finds that the Magistrate ruling shall be upheld.

## BACKGROUND

Plaintiffs filed a motion requesting sanction against Defendants for failing to comply with a court order [Docket No. 101]. The Magistrate filed an order denying Plaintiffs' motion [Docket No. 122]. Plaintiff objects to the Magistrate's ruling and appeals the denial of the motion for sanctions.

## LEGAL STANDARD

A reviewing court must defer to a Magistrate Judge's decision unless it is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); Hutchinson v. Pfeil, 105 F.3d 562, 566 (10th Cir. 1997). To overturn a Magistrate Judge's decision as clearly erroneous, the Court must have

a definite and firm conviction that a mistake has been committed.  <u>Ocelot Oil Corp. v. Sparrow Indus.</u>, 847 F.2d 1458 (10th Cir. 1988).

**DISCUSSION**

The Magistrate's Ruling contains no reasons for the ruling or findings of fact to support the ruling.  However, a Magistrate is not required to support a ruling with specific findings or reasons.  Plaintiffs' original memorandum in support of their motion for sanctions and Plaintiffs' Objection to Magistrate Ruling included Plaintiffs' version of the events that led to the motion and Plaintiffs' interpretation of Defendant Denko's answer to an interrogatory put to him to which he was ordered by the Court to respond.  Plaintiffs interpreted Defendant Denko's response as evasive and argued that Defendants thus violated the Court's order.  Defendants' response to the motion for sanctions and Defendants' response to the Objection to Magistrate's Ruling contain Defendants' version of the events that led to Plaintiffs' original motion for sanctions and Defendants' interpretation of the answer given by Defendant Denko in response to the Court's order.

This Court must assume that the Magistrate found Defendants' version of the facts and interpretation of Defendant Denko's answer more compelling than Plaintiffs' version.  There is nothing clearly erroneous about such a finding.  Additionally, Plaintiffs appear to reargue the propriety of Defendants' counsel's behavior during Defendant Denko's deposition.  This issue is not before the Court on Plaintiffs' current appeal.  That behavior was dealt with by the Magistrate when he ordered Defendant Denko to answer the interrogatory.  The only issue before the Court at this time is whether the answer given by Defendant Denko was so clearly a violation of the Court's order that the denial of Plaintiffs' motion for sanctions was clearly erroneous.  The

Magistrate has ruled that Defendant Denko's answer to the interrogatory will not subject Defendants to sanctions. The Magistrate has a much clearer understanding than a reviewing court of his own order and a much better perspective from which to judge whether a party has violated that order. The Seventh Circuit has stated that a Magistrate's decision, to be found erroneous, ". . . must strike us as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five week-old, unrefrigerated dead fish." Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988). No such odor is detectable from Judge Svet's decision.

**CONCLUSION**

IT IS THEREFORE ORDERED that the Magistrate's Ruling Dated 2/11/01 is UPHELD in response to Plaintiffs' Objection to that ruling [Docket No. 134].

_____
UNITED STATES DISTRICT JUDGE