# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JENNIFER RICE and
TROY BAKER,

    Plaintiffs,

v.                                          CIV 00-1669 WJ/DJS-ACE

THE CITY OF SANTA FE, in its official capacity,
and JOHN DENKO, in his individual capacity,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO INTERVENE

THIS MATTER comes before the Court pursuant to the Motion to Intervene [Docket No. 48] filed by the Santa Fe Police Officer's Association (hereinafter POA). As grounds for the motion, the POA states that it is the exclusive collective bargaining agent for members of the POA, plaintiffs are members of the POA, the allegations in plaintiffs' complaint include allegations that defendants acted in a hostile manner toward plaintiffs because of their membership and activities within the POA. Additionally, the POA states that both plaintiffs and defendants intend to depose members of the POA and plaintiffs intend to obtain personnel records of members of the POA. Additionally, Defendants have requested documents from the POA, and the POA states that these requests are overly burdensome. The POA requests to be allowed to intervene to protect the privacy of the personnel records of its members. Further, the POA states that it should be allowed to intervene to protect union activities and its own existence.

An applicant is entitled to intervention of right if the applicant can demonstrate 1) an

interest in the subject matter of the action; 2) that the protection of this interest would be impaired without intervention; 3) that the applicant's interest is not adequately represented by existing parties to the litigation. Fed. R. Civ. P. 24(a); Teague v. Bakker, 931 F.2d 259, 260-61 (4th Cir. 1991). An applicant may be permitted to intervene when an applicant's claim or defense and the main action have a question of law or fact in common. Fed. R. Civ. P. 24(b). An interest in the subject matter of the action does not mean a general interest; rather the applicant must have a substantial, legally protectable interest. See Donaldson v. United States, 400 U.S. 517 (1971).

The applicant has not demonstrated that the POA, as an entity, has a legally protectable interest in the subject matter of this action. Moreover, the applicant has not shown that the protection of this interest would be impaired without intervention. Additionally, the applicant has not shown that the parties to this litigation will not adequately protect any legally protectable interests of the POA.

The Court finds that, in addition to failing to make the required showing for intervention as of right, the applicant has failed to make a showing that it has a claim or defense in common with the main action in this case sufficient to convince the Court to grant permissive intervention. Furthermore, the motion was not timely as it was filed long after deadlines were set in this case. Intervention would cause undue delay and prejudice the adjudication of the rights of the original parties.

IT IS THEREFORE ORDERED that the Motion to Intervene [Docket No. 48] is hereby DENIED.

_____
UNITED STATES DISTRICT JUDGE