# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JENNIFER RICE and
TROY BAKER,

    Plaintiffs,

v.                                                        CIV 00-1669 WJ/DJS-ACE

THE CITY OF SANTA FE, in its official capacity,
and JOHN DENKO, in his individual capacity,

    Defendants.

## **MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE DECLARATIONS OF TROY BAKER, JENNIFER RICE, AND FRANK NOVELLI**

THIS MATTER comes before the Court pursuant to Defendants' Motion to Strike Plaintiffs' Exhibits 15, 16, and 17 [Docket No. 125]. Having reviewed the submissions of the parties and the exhibits at issue, the Court finds that the motion shall be granted in part and denied in part as described below.

## BACKGROUND

Plaintiffs filed Docket No. 116 in which Plaintiffs presented exhibits to the Court relevant to the determination of three of Defendants' motions for summary judgment. Defendants move this Court to strike three of these exhibits.

## DISCUSSION

I.     DECLARATION OF FRANK NOVELLI

Plaintiffs disclosed Mr. Novelli as an expert witness in this case and provided an expert

report in accordance with Fed. R. Civ. P. 26(a)(2)(A) and (B). Plaintiffs include a declaration of Mr. Novelli as an exhibit to their responses to three of Defendants' motions for summary judgment. Defendants argue that the declaration contains information not properly disclosed in Mr. Novelli's report in accordance with Fed. R. Civ. P. 26(a)(2)(B) and should thus be stricken. Plaintiffs counter that Mr. Novelli is a fact witness in this case and his declaration is proper lay testimony. Mr. Novelli was not disclosed as a fact witness in accordance with Fed. R. Civ. P. 26(a)(1)(A).

This Court has already, by separate order filed May 30, 2002, stricken another declaration by Mr. Novelli because the information in that declaration was not disclosed in Mr. Novelli's expert report, and, even if the testimony of Mr. Novelli was proper lay testimony, Mr. Novelli was not disclosed as a fact witness. Rule 37(c) of the Federal Rules of Civil Procedure clearly states that a party who, without substantial justification, fails to disclose information required by Rule 26(a) is not permitted to use the information as evidence in any trial, hearing, or motion. Rule 26 (a) disclosures include disclosure of fact witnesses in addition to the expert disclosures. Accordingly, lay and/or expert testimony by Mr. Novelli is not admissible if such testimony was not included in the Rule 26(a)(2)(B) report.

In reviewing the declaration of Mr. Novelli at issue in this motion (Exhibit 17 to Docket No. 116), the Court finds that much of the declaration of Mr. Novelli falls within the scope of his Rule 26(a)(2)(B) report. Paragraphs 1, 2, and 3 are background and foundation. Paragraphs 4 and 5 contain information that was provided in Mr. Novelli's expert report in Opinion 3 (attached to Docket No. 124 as Exhibit A). Paragraph 6 is further background and foundation. Paragraph 9 contains information that was provided in the expert report in Opinions 1 and 2. These

paragraphs are properly before the Court as exhibits. Coversely, paragraphs 7, 8, and 10 of Mr. Novelli's declaration contain facts and opinions that are not included in the Rule 26(a)(2)(B) report. These paragraphs shall be stricken in accordance with Fed. R. Civ. P. 37(c).

II.  DECLARATION OF TROY BAKER

Defendants argue that specific paragraphs of Troy Baker's declaration should be stricken on various, specific evidentiary grounds.

### A. Paragraph 3

The last sentence of paragraph 3 states that Baker believes his name was given to Chief's office as a member of union committees. Defendants object to this statement as speculative. Plaintiffs counter that the prior sentence gives the foundation for this because it states, from Baker's personal knowledge, that the union distributed lists of the committee members to management. It is unnecessary for Plaintiff Baker to draw the inferences from his fact testimony as the Court is fully capable of doing so. It also constitutes improper lay opinion testimony. The Court thus strikes the last sentence of paragraph 3 leaving the remainder of the paragraph intact.

### B. Paragraph 4

Defendants object to the information in paragraph 4 as being speculative. The Court strikes the first sentence of paragraph 4 which states an improper lay opinion or conclusion. For the same reason, the Court hereby strikes the last two sentences of the paragraph. The Court also strikes the sentence starting "It is my understanding" on the grounds it is not based on Baker's personal knowledge. The remaining information in paragraph 4 is proper fact testimony from Baker's personal knowledge.

### C. Paragraph 5

Defendants object to the information in this paragraph on the basis that it directly contradicts Baker's deposition testimony. Defendants point out that the Court need not consider an affidavit that attempts to create a sham fact issue by contradicting sworn deposition testimony. See Rios v Bigler, 67 F.3d 1543, 1551 (10th Cir. 1995). In order to determine whether a contradicting affidavit seeks to create a sham fact issue, the Court looks at several factors: 1) whether the affiant was cross-examined during his earlier deposition testimony; 2) whether the affiant had access to pertinent evidence at the time of his deposition or whether the affidavit is based on newly discovered evidence; and 3) whether the earlier testimony shows confusion that the affidavit attempts to explain. Ralston v. Smith & Nephew Richards, Inc., 275 F.23d 965, 973 (10th Cir. 2001).

Defendant points to two separate averments in paragraph 5 as contradicting earlier testimony. First, paragraph 5 states that Baker directly expressed to Chief Denko his opinion regarding new badges while Baker's earlier deposition testimony was that he had not expressed this opinion to Denko. Second, paragraph 5 states that, prior to July 1999, Baker directly expressed to Denko his opinion regarding the selection of Smith & Wesson as standard issue while Baker's earlier deposition was that he could not recall whether he talked with Denko about Smith & Wesson before or after July 1999.

Plaintiff Baker's statement in the affidavit regarding the new badges directly contradicts his earlier deposition testimony. Considering the factors laid out in Ralston, the Court strikes those portions of paragraph 5 regarding the badges. However, Baker's statement in the affidavit regarding the Smith & Wesson standard issue does not directly contradict the earlier deposition testimony and will not be stricken.

D. Paragraph 6

This entire paragraph is stricken. Most of the information is based on hearsay rather than Baker's own personal knowledge. The remainder of the paragraph is improper lay testimony.

E. Paragraph 7

Defendants argue that the statements in this paragraph contradict Baker's deposition testimony. In his deposition, Baker stated that he did not **know** whether Denko was serious or joking when he made a statement comparing the Santa Fe Police Officers to the Dutch Army. In his affidavit, Baker states that he **believes** Denko was serious and not joking. These two statements do not contradict one another. Paragraph 7 will not be stricken.

F. Paragraph 11

Defendants argue that paragraph 11 contains hearsay because it repeats a statement by Lieutenant Lucero. Plaintiffs note, in response to a different paragraph (paragraph 15 of Jennifer Rice's affidavit) that Lieutenant Lucero's statements are attributable to the City of Santa Fe as admissions. Defendants argue that Plaintiffs have failed to establish the necessary foundation to show that Lt. Lucero's statements are attributable to the City. The Court will, for purposes of this motion, treat the statements of Lt. Lucero as admissions and not hearsay and will not strike his statements as averred in Baker's affidavit. However, the Court is not making a finding as a matter of law or for purposes of law of the case that Lt. Lucero's statements are admissions of Defendant City of Santa Fe.

G. Paragraph 17

Defendants argue that the information in this paragraph is speculation and based on hearsay. The Court agrees that the last sentence of the paragraph is speculative and that sentence

is stricken. The remainder of the paragraph, however, will not be stricken.

    H.    <u>Paragraph 19</u>

Defendants assert that information in this paragraph directly contradicts Baker's deposition testimony. Additionally, Defendants state that Baker draws an improper legal conclusion.

Paragraph 19 states that Baker never received any communication from the City Manager or Personnel Director requesting his side of events prior to receiving the "red form." Baker's deposition testimony was that he had a meeting scheduled with the Personnel Director, but that the meeting was canceled. Plaintiffs argue that the affidavit and deposition do not directly contradict one another. While Plaintiffs are technically correct, the Court cannot help but notice that the natural inference one would draw from the information in the affidavit is in direct conflict with the deposition testimony. The Court will not, however, strike that portion of the paragraph.

Defendants also object to Baker's conclusion that he believes Denko is the final decisionmaker on disciplinary actions. Plaintiffs argue that this is not an inappropriate legal conclusion. The Court agrees with Defendants. Whether or not Denko is the final decisionmaker is an issue of law to be determined by the Court. Baker's opinion on the issue is irrelevant. This sentence of paragraph 19 is stricken.

    I.    <u>Paragraph 20</u>

Defendants object to the information in this paragraph on the basis that it contradicts Baker's deposition testimony. This paragraph states that Baker lost his opportunity to test for SWAT because of the red form. It further states that, because he was unable to test for SWAT, he lost potential overtime pay he would have received if he had been selected for SWAT. Baker's

deposition testimony states that, when Baker later tested for SWAT, he was eliminated because he failed the firearm proficiency portion of the test. Defendant's affidavit does not contradict the deposition testimony insofar as it states that Baker was unable to test for SWAT because of the red form. Baker's statement that he lost overtime pay as a result is possibly speculative and contradicted. However, it is superfluous at this point and need not be considered or addressed by the Court because it goes to the issue of damages rather than the issue of liability, and the only issue before the Court on Defendants' motions for summary judgment is the issue of liability. Therefore, the Court strikes this sentence insofar as it is superfluous information on the motions for summary judgment. However, Plaintiffs are not precluded from making similar averments in the future as they deem necessary.

  J.  Paragraph 21

Defendants state that Baker's statement in paragraph 21 that the Internal Affairs sustained charge will adversely affect his future career in law enforcement is speculative. Plaintiffs counter that, as stated in the affidavit, Baker is required to self-report this sustained charge to potential future employers. The Court does not perceive the statements in this paragraph as speculative and will not strike them.

  K.  Paragraph 22

Defendants object to the testimony in this paragraph on the basis that it is speculative. In this paragraph, Baker states that he personally witnessed Denko violate policies on two occasions, and, to the best of his knowledge, Denko was not disciplined for these two infractions. Defendants state that these statements are speculative. The Court notes from the outset that the statements are technically not speculative; however, they do not really convey any useful

information. The affidavit does not inform whether anyone with authority to take disciplinary action against Denko was aware of Denko's alleged infractions. Nor does the affidavit give any foundation upon which the Court could infer that Baker would routinely have knowledge whether disciplinary action was taken against Denko. Without these pieces of information, the paragraph says nothing.

Plaintiffs' response to Defendants' objections attempts to add information to cure the possible defects in this paragraph. Plaintiffs' attempt falls short even if the Court were to allow it. Thus, paragraph 22 is stricken.

### L. Paragraph 23(c) and (e)

In paragraph 23(c), Plaintiff Baker gives an explanation regarding policy changes that is his understanding based on a conversation with another officer. This is clearly hearsay and is stricken. In paragraph 23(e), Baker reports the contents of Denko's deposition testimony. Denko's deposition testimony speaks for itself and should have been presented as the evidence of its own contents in accordance with Fed. R. Evid. 1002. Baker's report of the contents of the deposition based on his reading of the deposition is inadmissible. Paragraph 23(e) is therefore stricken.

## III. DECLARATION OF JENNIFER RICE

Many of Defendants' arguments regarding the statements in Plaintiff Rice's affidavit mirror those regarding Plaintiff Baker's.

### A. Paragraph 3

Defendants object to the information in paragraph 3 for the same reasons they objected to the information in paragraph 3 of Baker's affidavit. See II.A. above. For the reasons stated in

II.A. above, the Court strikes the last sentence of paragraph 3.

  B. <u>Paragraph 4</u>

Defendants object to the information in paragraph 4 as being speculative. The Court strikes the first sentence of paragraph 4 which is an improper lay opinion or conclusion. For the same reason, the Court also strikes the last two sentences of the paragraph and the sentence beginning "Fifth." Additionally, the Court strikes the sentence beginning "It is my understanding" on the grounds it is not based on Rice's personal knowledge.

  C. <u>Paragraph 6</u>

Defendants object to this paragraph for the same reasons they objected to paragraph 6 of Baker's deposition, and the two paragraph are virtually identical. For the reasons stated in II.D. above, the entire paragraph is stricken.

  D. <u>Paragraph 8</u>

Defendants move to strike this paragraph on the grounds that Rice's statement in this paragraph directly contradicts her deposition testimony. First, the Court does not find the testimony directly contradictory. Second, even if the Court found contradiction, the contradiction is on an issue of timing that is collateral. This paragraph will not be stricken.

  E. <u>Paragraph 10</u>

Defendants argue that the statement in paragraph 10 is hearsay. In paragraph 10, Rice reports a statement made by Lieutenant Lucero. As noted above in section II.F., the statements of Lt. Lucero are being treated by the Court as admissions for purposes of this motion to strike. Therefore, paragraph 10 will not be stricken.

  F. <u>Paragraph 13</u>

Defendants urge that the statements in paragraph 13 regarding Ms. Warren's statements are inadmissible hearsay. Defendants are correct, and Plaintiffs arguments for an exception to the hearsay rule are without merit. Therefore, the last sentence of paragraph 13 is stricken.

G. Paragraph 14

Defendants object to the statements in paragraph 14 as inadmissible hearsay because Rice reports a statement made by Lieutenant Lucero. As noted above in sections II.F. and III.E., Lt. Lucero's statements are being treated as admissions for purposes of this motion. Therefore, this paragraph will not be stricken.

H. Paragraph 16

This paragraph is virtually identical to paragraph 17 of Baker's affidavit, and Defendants object to this paragraph for the same reasons they objected to paragraph 17 of Baker's affidavit. See II.G. above. For the reasons stated in II.G., the last sentence of the paragraph is stricken.

I. Paragraph 18

Defendants object to Rice's statement in this paragraph that she believes Denko was the final decisionmaker on disciplinary actions. Whether Denko is the final policy maker or decisionmaker for disciplinary actions is an issue of law to be decided by the Court. The last sentence of paragraph 18 is stricken.

J. Paragraph 19

This paragraph is similar to paragraph 20 of Baker's affidavit, and Defendants object to it for similar reasons. Rice states that she was precluded from testing for a SWAT position because of her red form. She further states that she lost overtime opportunities she would have had if she had been selected for SWAT. Defendants point out that Rice's deposition indicates she later

10

tested for SWAT and missed the cutoff by three points on her test score. Rice's affidavit does not contradict her deposition testimony in its statement that she missed an opportunity to test for SWAT because of her red form. Her statement that this resulted in lost opportunities for overtime pay might be considered speculative and contradictory. However, it need not be considered by the Court at this time because it goes to the issue of damages, and the only issue before the Court on the motions for summary judgment is the issue of liability. Therefore, the Court strikes this sentence. Plaintiffs, however, are not precluded from making similar averments in the future as may be necessary.

K. Paragraph 20

This paragraph is indistinguishable from paragraph 21 of Baker's affidavit. See II.J. above. For the reasons stated in II.J. above, this paragraph will not be stricken.

L. Paragraph 21(a)

This paragraph is nearly identical to paragraph 22 of Baker's affidavit. See II.K above. For the reasons stated in II.K. above, section (a) of paragraph 21 is stricken.

M. Paragraph 24

This paragraph is virtually the same as paragraph 23(e) of Baker's affidavit. For the reasons stated in regard to paragraph 23(e) of Baker's affidavit in section II.L. above, paragraph 24 is stricken.

N. Paragraph 25

Defendants argue that this paragraph directly contradicts Rice's deposition testimony because this paragraph gives the dates she tested for SWAT and FTO positions while she stated in her deposition that she did not remember the dates she tested for those positions. The Court does

not believe the affidavit directly contradicts the deposition testimony. This paragraph will not be stricken.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Strike Plaintiffs' Exhibits 15, 16, and 17 [Docket No. 125] is hereby GRANTED IN PART and DENIED IN PART as explained in sufficient detail above.

_____
UNITED STATES DISTRICT JUDGE